UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA GAIL HOLLAND,

       Petitioner,

                                     Case No. 09-13863
v.                               Honorable Patrick J. Duggan

MILLICENT WARREN,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 AND DENYING
PETITIONER A CERTIFICATE OF APPEALABILITY**

On September 30, 2009, Petitioner, through counsel, filed an application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging her conviction

in 2006 for first degree felony murder following a jury trial in the Circuit Court for

Ingham County, Michigan.  Petitioner asserts two grounds in support of her request for

habeas relief: (1) that she was denied her due process right to an impartial jury as a result

of extensive and inflammatory pretrial publicity; and (2) her trial counsel provided

ineffective assistance by failing to object to other acts evidence, improper jury

instructions, and improper expert testimony.  On April 6, 2010, Respondent answered the

petition arguing that there is no merit in the grounds presented.  The Court referred the

matter to Magistrate Judge Paul J. Komives for a report and recommendation and all

pretrial proceedings.  (Doc. 11.)

On November 29, 2011, Magistrate Judge Komives issued a Report and

Recommendation ("R&R") in which he recommends that this Court deny the petition on

its merits.  (Doc. 12.)  Magistrate Judge Komives further recommends that the Court deny

Petitioner a certificate of appealability.  (*Id*.)  Although acknowledging that the media

coverage concerning the crime with which Petitioner was charged was extensive,

Magistrate Judge Komives found no error in the state court's conclusion that the coverage

was neither invidious nor inflammatory and revealed information later admitted as

evidence at Petitioner's trial.  (Doc. 12 at 10-11.)  Magistrate Judge Komives further

agreed with the state court that the trial judge "took great pains to assure that the jury

seated to try [P]etitioner was untainted by the media coverage" and selected jury members

who stated that they "had not formed an opinion on [P]etitioner's guilt, and could decide

the case based solely on the evidence presented at trial."  (*Id*. 13.)  With respect to

Petitioner's ineffective assistance of counsel claim, Magistrate Judge Komives concluded

that the state court set forth the correct legal standard to evaluate the claim and that even

under *de novo* review, the claim fails on its merits.

At the conclusion of the R&R, the magistrate judge informs the parties that they

must file any objections to the R&R within fourteen days.  (*Id*. at 25.)  Petitioner filed

timely objections to the R&R on December 9, 2011.  (Doc. 13.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file *specific* objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Petitioner's Objections

Petitioner raises two specific objections to Magistrate Judge Komives' R&R. First, Petitioner objects to Magistrate Judge Komives' finding that Petitioner did not demonstrate support for her assertion of an "all-encompassing, prejudicial atmosphere in either the community or the courtroom" to be entitled to the presumption that publicity rendered her trial fundamentally unfair. Petitioner takes issue with the state court's and magistrate judge's findings that the extensive media coverage was "largely factual" and argues that the comments of jurors and prospective jurors reflect the assumption of Petitioner's guilt. Second, Petitioner objects to the magistrate judge's finding that the

Michigan Court of Appeals correctly applied United Supreme Court precedent, namely

*Strickland v. Washington*, in evaluating her ineffective assistance of counsel claims.

Petitioner contends that the state court incorrectly considered whether counsel's errors

"likely" prejudiced her defense rather than whether there was "a reasonable probability of

prejudice," as *Strickland* requires.

### Analysis

This Court agrees with Magistrate Judge Komives that the petition fails on its

merits and therefore is dismissing it on that basis.  With respect to Petitioner's due

process claim, the Court sees no reason to restate what Magistrate Judge Komives

expressed so thoroughly and effectively in his R&R.  The Court only adds that it

independently reviewed the newspaper articles and web-logs attached to the petition at

Appendix C and concurs in the state court's and magistrate judge's description of the

content. Further, as the state court indicated, the media did not reveal prejudicial

facts/evidence not admitted as evidence at Petitioner's trial.  Finally, while members of

the jury were aware of the case and some even expressed strong opinions and emotions

during voir dire about the murder of Petitioner's son, those individuals swore that they

would be able to set those opinions and feelings aside and decide the case based solely on

the evidence introduced at trial.  With respect to Petitioner's ineffective assistance of

counsel claim,  even if the Court agreed that the state court applied the wrong legal

standard (which it does not) and therefore reviewed the claim *de novo*, it fails for the

reasons set forth by Magistrate Judge Komives.

**Conclusion and Certificate of Appealability**

For the above reasons, and the reasons set forth in Magistrate Judge Komives'

R&R, this Court adopts Magistrate Judge Komives' finding that the grounds asserted in

support of Petitioner's request for habeas relief lack merit and his recommendation that

the petition therefore be denied.  The Court also adopts Magistrate Judge Komives'

recommendation that a certificate of appealability be denied.  Petitioner fails to make "a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS ORDERED**, that the Court adopts the Report and Recommendation dated

November 29, 2012;

**IT IS FURTHER ORDERED**, that Petitioner's application for a writ of habeas

corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of

appealability.


Date:  February 3, 2012                          s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Gail O. Rodwan, Esq.
Marilena B. David-Martin, Esq.
AAG Andrea M. Christensen